UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| JONAH M. WOOLEY, | : | |
| | : | CASE NO. 5:12-CR-00106-1 |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 66] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Petitioner Jonah M. Wooley moves, *pro se*, to vacate the sentence the Court imposed after his conviction for conspiracy to distribute cocaine base.[1] Wooley says that 1) his counsel did not file a direct appeal from the sentence even though he asked for an appeal to be filed; 2) his counsel failed to argue for a sentence in the range allegedly recommended by the presentence report; 3) the Court wrongly denied him a three-level reduction for acceptance of responsibility; and 4) the Court wrongly imposed a two-level enhancement for possessing a firearm in connection with the drug conspiracy.[2] The United States opposes Wooley's motion.[3] For the following reasons, the Court **DENIES IN PART** Wooley's motion. The Court also appoints counsel and schedules this matter for an evidentiary hearing solely to determine whether Jonah Wooley did not receive the effective assistance of counsel. The Court will decide whether Wooley asked counsel to file a direct appeal and if Wooley made such a request, whether

---

[1] Doc. 66.
[2] *Id.*
[3] Doc. 77.

Case No. 5:12-CR-00106-1
Gwin, J.

counsel timely filed an appeal.

## I. Factual and Procedural Background

Between January 18, 2012, and January 25, 2012, Petitioner and his brother, James A. Wooley, conspired to possess with the intent to distribute and conspired to distribute cocaine base, or crack cocaine.[4] During that time, Petitioner sold crack cocaine to confidential sources acting under the supervision of the Akron Police Department.[5] On January 25, 2012, the Akron Police Department executed a search warrant on Petitioner's and his brother's residence; the Department seized 6.5 grams of crack cocaine, a firearm, a digital scale, and other drug paraphernalia.[6]

On March 1, 2012, a federal grand jury indicted Petitioner on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[7]

On July 23, 2012, Petitioner agreed to plead guilty to the charge of conspiracy to distribute cocaine base.[8] Petitioner entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C).[9] This rule allows the United States and a criminal defendant to agree on a specific sentencing range.[10] If the court rejects the plea agreement's sentencing range,

---

[4] Doc. 58 at ¶ 15a (Second Plea Agreement).
[5] *Id.*
[6] *Id.*
[7] Doc. 1 (Indictment).
[8] Doc. 46 at ¶ 6 (First Plea Agreement).
[9] *Id.* at 1.
[10] Fed. R. Crim. P. 11(c)(1)(C).

Case No. 5:12-CR-00106-1
Gwin, J.

the defendant may withdraw his guilty plea.[11] Otherwise, the Court must sentence consistent with the agreement.

Petitioner Wooley and the United States agreed to recommend that the Court impose a sentence of 120 months imprisonment.[12] The parties assumed that Wooley met the criteria to be a Career Offender under § 4B1.1 of the Sentencing Guidelines.[13] The parties agreed that if the Court found Petitioner was not a Career Offender, Petitioner would be allowed to withdraw his guilty plea.[14] The Court accepted the plea of guilty.[15]

On September 19, 2012, Petitioner moved to withdraw his guilty plea.[16] The Probation Officer's presentence report had recommended to the Court that Petitioner was not a Career Offender.[17] The Court granted the motion to withdraw Petitioner's guilty plea.[18]

Wooley then entered into a new plea agreement with the United States pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[19] The parties agreed that Petitioner would plead guilty to the conspiracy to distribute cocaine base charge.[20] The parties also agreed to propose a sentence of between 70 and 87 months imprisonment.[21] The proposed sentencing range, 70 to 87 months, was

---

[11] *Id.* 11(c)(5).
[12] Doc. 46 at ¶ 10 (First Plea Agreement).
[13] *Id.* Under § 4B1.1(a), a defendant is a Career Offender if 1) he was over 18 when he committed the offense being sentenced; 2) the offense is a crime of violence or a controlled substance offense; and 3) the defendant has two or more prior crimes of violence or controlled substance offenses.
[14] Doc. 74 at 26-27 (first change of plea hearing transcript).
[15] *Id.* at 33-34.
[16] Doc. 76 at 5 (second change of plea hearing transcript).
[17] *Id.* at 3; *see also* Doc. 50 (First Disclosure of Presentence Report).
[18] Doc. 76 at 5 (second change of plea hearing transcript).
[19] Doc. 58 (Second Plea Agreement).
[20] *Id.* at ¶ 6.
[21] *Id.* at ¶ 10.

Case No. 5:12-CR-00106-1
Gwin, J.

the range the parties believed the Sentencing Guidelines would recommend without a reduction for acceptance of responsibility.[22]  In apparent recognition of Rule 11(c)(4), the agreement also specifically noted that if the Court imposed a sentence below that range, the United States could withdraw from the plea agreement.[23]

The Court accepted the new plea of guilty.[24]  During the hearing, the United States noted that it would not move for a three-level reduction for the Sentencing Guidelines range because the United States did not "want the defendant to think that on top of [the range agreed to in the plea agreement] he's going to get acceptance of responsibility."[25]  The Court asked Petitioner,

> So it sounds like it's going to likely end up that the guideline range is below the range he's agreed to be sentenced by.  So in other words, the guideline range may recommend, you know, a range of 60 to 67, but by this agreement you agree to a sentencing range that is between 70 and 87.  So in effect you'd be agreeing to a sentencing range that's above what the Sentencing Commission recommends.
>
> The Defendant: Yes.
>
> The Court: And you're comfortable with that, right?
>
> The Defendant: Yes.[26]

The Court also confirmed the factual basis for the plea.[27]  Petitioner admitted that he

---

[22] Doc. 76 at 15 (second change of plea hearing transcript). The Probation Officer's initial and final presentence reports identified that Petitioner's Guidelines offense level before any reduction for acceptance of responsibility was 20—a base offense level of 18 for 7.5 grams of cocaine base and a two-level increase for possessing a firearm in connection with the drug crime—and a criminal history category of VI. Docs. 50 at ¶¶ 25, 72 (First Disclosure of Presentence Report), 61 at ¶¶ 24, 72 (Final Presentence Report). The Guidelines range for an offense level of 20 and a criminal history category of VI would yield a Guidelines range of 70 to 87 months.

[23] Doc. 58 at ¶ 10A (Second Plea Agreement).  The agreement also allowed Petitioner to withdraw from the agreement if the Court imposed a sentence above that range.  *Id.*

[24] Doc. 76 at 19 (second change of plea hearing transcript).

[25] *Id.* at 15-16.

[26] *Id.* at 16.

[27] *Id.* at 17.

-4-

Case No. 5:12-CR-00106-1
Gwin, J.

"possess[ed] . . . a firearm . . . to facilitate this . . . conspiracy to distribute crack cocaine."[28]

On October 18, 2012, the Court sentenced Petitioner.[29] The Court first considered the advisory Sentencing Guidelines. The Court found that the offense involved 7.5 grams of cocaine base.[30] Therefore, the Court set the base offense level at 18, pursuant to Guidelines § 2D1.1(c)(11).[31] The Court imposed a two-level increase pursuant to § 2D1.1(b)(1) because Wooley possessed a firearm in connection with the drug offense.[32] The Court granted Petitioner a three-level reduction for acceptance of responsibility.[33] Petitioner's final offense level was 17. The Court found that Petitioner's criminal history category was VI. The recommended Guidelines range was 51 to 63 months imprisonment.

Petitioner's counsel, James Campbell, had initially objected to the Probation Officer's presentence report that had recommended the two-level increase for possession of the firearm.[34] However, during the hearing, counsel withdrew the objection after conferring with Petitioner.[35] Petitioner agreed that he wished to withdraw the objection.[36]

---

[28]*Id.* at 18. The complete exchange reads:
The Court: And did you possess crack cocaine, a firearm, and digital scales, and other materials to facilitate this --
The Defendant: Yes.
The Court: -- conspiracy to distribute crack cocaine?
The Defendant: Yes.
*Id.*

[29]Doc. 75 (sentencing hearing transcript).

[30]*Id.* at 3.

[31]*Id.*

[32]*Id.*

[33]*Id.*

[34]Doc. 61 at 39 (Final Presentence Report). If the Court did not include the two-level increase, the final offense level would have been 15, and the Guidelines range would have been 41 to 51 months.

[35]Doc. 75 at 2-3 (sentencing hearing transcript).

[36]"The Court: Do you agree with that [to withdraw the objection], Mr. Wooley?
The Defendant: Yes."
*Id.* at 3.

Case No. 5:12-CR-00106-1
Gwin, J.

Wooley's attorney also filed a confidential sentencing memorandum that recommended a sentence on the lower end of the range agreed to in the plea agreement.[37/] Counsel renewed that recommendation during the hearing.[38/]

The Court accepted the plea agreement and the recommended range.[39/] The Court sentenced Petitioner to 78 months of incarceration.[40/] The Court told Petitioner's counsel to advise Wooley about a possible appeal and to file any notice of appeal that Wooley requested.[41/] Counsel indicated he would do so.[42/] Wooley did not appeal his conviction or sentence.

On August 1, 2013, Petitioner Wooley moved to vacate his sentence under 28 U.S.C. § 2255.[43/] Wooley says that he was denied effective assistance of counsel because Attorney Campbell did not file an appeal Wooley says he requested and because counsel did not argue for a sentence within the advisory Sentencing Guidelines range of 41 to 51 months.[44/] Wooley also says that the Court erred by not granting him a three-level reduction for acceptance of responsibility and by imposing a two-level increase in his Sentencing Guidelines offense level for possession of a firearm without having that fact proved to a jury beyond a reasonable doubt.[45/]

The United States opposes the motion.[46/] The United States says that counsel was not ineffective because Wooley never asked for an appeal and because counsel's decision to recommend

---

[37/]Doc. 63.
[38/]Doc. 75 at 4-7 (sentencing hearing transcript).
[39/]*Id.* at 4.
[40/]*Id.* at 12; *see also* Docs. 64 (minutes of sentencing hearing), 65 (judgment).
[41/]Doc. 75 at 13 (sentencing hearing transcript).
[42/]*Id.* at 14.
[43/]Doc. 66.
[44/]*Id.* at 3-9.
[45/]*Id.* at 9-13.
[46/]Doc. 77.

Case No. 5:12-CR-00106-1
Gwin, J.

a sentence within the range established by the plea agreement was reasonable.[47] The United States also says that the Court did grant Wooley a three-level reduction for acceptance of responsibility and did not violate Wooley's constitutional rights by imposing the two-level increase for possessing the firearm.[48]

Petitioner Wooley filed a reply that reiterates his claims.[49] This motion is ripe for decision.

**II. Legal Standard**

A.   **Section 2255 Motion**

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;

2) That the court was without jurisdiction to impose such sentence;

3) That the sentence exceeded the maximum authorized by law; or

4) That the sentence is otherwise subject to collateral attack.[50]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[51] And to prevail on a § 2255 motion alleging non-constitutional error, the movant

---

[47]*Id.* at 17-19. The United States includes an affidavit from Petitioner's counsel. Doc. 77-1.
[48]Doc. 77 at 8-14.
[49]Doc. 81.
[50]*Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).
[51]*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

-7-

Case No. 5:12-CR-00106-1
Gwin, J.

must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[52]

**B.     Ineffective Assistance of Counsel**

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test.  First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[53] Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."[54]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[55]  The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[56]

However, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so."[57]  A movant does not need to establish prejudice when his counsel

---

[52] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).
[53] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[54] *Id.* at 689.
[55] *Id.* at 687.
[56] *Id.* at 694.
[57] *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that counsel's failure to perfect a direct appeal upon his client's request is a per se Sixth Amendment violation).

Case No. 5:12-CR-00106-1
Gwin, J.

fails to follow instructions to file an appeal.[58]

### III. Wooley's Ineffective Assistance of Counsel Claims

Wooley brings two claims of ineffective assistance of counsel: 1) for counsel's failure to file an appeal as he says he requested, and 2) for counsel's failure to recommend a Guidelines sentence.

**A.  Failure to File an Appeal**

Petitioner Wooley says that he asked his attorney Campbell to file an appeal. Campbell responds that Wooley never asked him to file an appeal; in fact, he says that Wooley never responded to his last letter.[59] The Court notes that Wooley gives no details about his request for an appeal.[60] Nevertheless, the Court is not able to definitively say that there is no factual basis to support Petitioner's claim.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'"[61] "'An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief.' Stated another way, 'no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"[62]

The Court concludes that an evidentiary hearing is warranted in this case for the limited purpose of settling the factual dispute regarding whether Wooley requested an appeal be filed.

---

[58] *Ludwig*, 162 F.3d at 459.
[59] *See* Doc. 77-1.
[60] *See* Doc. 81-6.
[61] *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).
[62] *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Case No. 5:12-CR-00106-1
Gwin, J.

Because an evidentiary hearing is required, the Court finds that the interests of justice require the appointment of counsel to represent Petitioner at this hearing.[63] The Court appoints the Federal Public Defender's office to serve as Wooley's attorney for this limited purpose, and the Court schedules this matter for an evidentiary hearing on this one issue on December 18, 2013, at 9:00 a.m., Courtroom 18A (Cleveland).

**B.     Failure to Recommend a Guidelines Sentence**

Alternatively, Petitioner Wooley says, "If trial counsel sincerely had petitioner's best interest [at heart], counsel would have adopted the P.S.I.'s recommendation to a 41 to 51 months sentence required by law, and fight against the gun enhancement where the gun charge was dismissed."[64] He also says that Attorney Campbell did not object when the Court considered but allegedly declined giving a three-level reduction for acceptance of responsibility.[65]

Wooley's arguments suffer from several factual errors. First, the Probation Officer did not recommend a 41 to 51 month sentence to the Court. The Probation Officer found that the Sentencing Guidelines recommended a 51 to 63 month sentence based on an offense level of 17 and a criminal history category of VI.[66] This recommendation included a three-level reduction for acceptance of responsibility.[67] Attorney Campbell objected to the two-level increase for possessing a gun, and without that increase the recommended sentence would have been 41 to 51 months.[68] The Probation

---

[63] *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g).
[64] Doc. 81 at 6.
[65] *Id.*
[66] Doc. 61 at ¶ 110 (Final Presentence Report).
[67] *Id.* at ¶¶ 26-27.
[68] *See* Doc. 81-5 at 3.

-10-

Case No. 5:12-CR-00106-1
Gwin, J.

Officer and the Court rejected that argument.[69] Campbell and Petitioner Wooley both subsequently withdrew the objection in open court.[70]

Second, a Guidelines sentence is not "required by law." The Supreme Court has held that the Sentencing Guidelines are only advisory and that district courts have discretion in sentencing.[71]

Third, the Court did grant Petitioner Wooley a three-level reduction for acceptance of responsibility when the Court considered what sentence the Sentencing Guidelines recommended.[72] The Court found that Petitioner's offense level was 17—a base offense level of 18, a two-level enhancement for possessing a firearm, and a three-level reduction for acceptance of responsibility—and his criminal history category was VI, which yielded a recommended sentence of 51 to 63 months.[73]

But even considering Petitioner's claim without the factual errors, Petitioner cannot show he was prejudiced by the alleged ineffective assistance of counsel. If Campbell had argued in favor of a guidelines sentence,[74] he would have breached the plea agreement with the United States: the plea agreement required both parties to recommend a sentence of 70 to 87 months.[75]

Wooley received benefit from the plea. The Government arguably could have sought an indictment and punishment under 18 U.S.C. § 924(c) for using a firearm in furtherance of a drug

---

[69] Doc. 61 at 39-40 (Final Presentence Report).
[70] Doc. 75 at 2-3 (sentencing hearing transcript).
[71] *See United States v. Booker*, 543 U.S. 220, 259 (2005) (Breyer, J.).
[72] Doc. 75 at 3 (sentencing hearing transcript).
[73] *Id.*

[74] For the purposes of this claim, whether the Court erred by imposing a two-level increase for possessing the gun was improper. If Campbell had argued for *any* sentence outside the 70 to 87 month range or if the Court indicated it would impose *any* sentence outside of that range, the United States could have withdrawn from the plea agreement and the case would move forward to trial.

[75] Doc. 58 at ¶ 10 (Second Plea Agreement).

Case No. 5:12-CR-00106-1
Gwin, J.

trafficking offense.[76] If charged, Wooley would have faced consecutive "imprisonment of not less than 5 years."[77]

In addition, if Petitioner Wooley had been convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), he would have been sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e). Wooley has three prior convictions that qualify as violent felonies or serious drug offenses.[78] By accepting the Government's offer, Wooley avoided these two possible lengthy sentences.

If Campbell had argued for a Guidelines sentence rather than the 70 to 87 months sentence, the United States would have been permitted to withdraw from the plea and go to trial against Wooley. Therefore, he was not prejudiced by the alleged failure: if Campbell had done what Wooley says he should have done, Wooley would not have gotten the benefit of his plea bargain.

For this reason, Campbell's decision not to recommend a Guidelines sentence was also not ineffective assistance. If Wooley had gone to trial on all charges, he risked a conviction on the gun charge. If he had been convicted on the gun charge, he could have faced conviction under the felon in possession charge and possibly convicted of using a firearm in furtherance of a drug trafficking

---

[76]"[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A).

[77]*Id.*

[78]Title 18 United States Code section 924(e) states that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug offenses shall be imprisoned for not less than fifteen years. Wooley has three such prior convictions because there is no time limit on convictions that trigger the Armed Career Criminal Act. *See* Doc. 61 at ¶¶ 36, 40, & 59 (Final Presentence Report); *see also* U.S.S.G. § 4B1.4 note 1. Wooley says that "the P.S.I. revealed that petitioner did not qualify as a ACCA offender." Doc. 81 at 6. This is wrong; the presentence report found that Wooley was not a Career Offender. *See* Docs. 46 at ¶ 10 (First Plea Agreement) ("The Defendant recognizes that he meets the criteria under U.S.S.G. § 4B1.1 and that he may be found to be a career offender."), 50 at ¶ 111 (First Disclosure of Presentence Report) (no finding of Career Offender status). Being a Career Offender is different than being an Armed Career Criminal.

Case No. 5:12-CR-00106-1
Gwin, J.

offense under 18 U.S.C. § 924(c). He escaped being sentenced as an Armed Career Criminal to a mandatory minimum of 15 years.

If the Court construes this claim as a claim against the decision to enter into a Rule 11(c)(1)(C) plea agreement, the claim still fails because the decision was reasonable. The Court questioned Petitioner to ensure he understood that the sentencing range he was agreeing to was above what the Guidelines might eventually recommend.[79] The decision to enter into a plea agreement with the Government and the range selected were reasonable because of the risk that the Government would win a conviction of Wooley on the gun charge that would subject him to the Armed Career Criminal Act's mandatory minimum of 15 years.

The decision to enter into the plea agreement and the plea agreement itself were reasonable. And counsel's decision not to breach the plea agreement was also reasonable and caused Wooley no prejudice. Therefore, Petitioner's second claim of ineffective assistance of counsel fails.

### IV. The Court's Alleged Sentencing Errors

If Petitioner ultimately prevails on his claim that counsel did not file an appeal even though Petitioner requested one, Petitioner would be able to assert these assignments of error on a new direct appeal. Accordingly, the Court will not address these arguments at this time.

### V. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** Petitioner Wooley's motion under

---

[79] The Court: So in other words, the guideline range may recommend, you know, a range of 60 to 67, but by this agreement you agree to a sentencing range that is between 70 and 87. So in effect you'd be agreeing to a sentencing range that's above what the Sentencing Commission recommends.
The Defendant: Yes.
The Court: And you're comfortable with that, right?
The Defendant: Yes.
Doc. 76 at 16 (second change of plea hearing transcript).

Case No. 5:12-CR-00106-1
Gwin, J.

28 U.S.C. § 2255.  The Court appoints the Federal Public Defender's office as counsel for Petitioner and schedules an evidentiary hearing on December 18, 2013, at 9:00 a.m., Courtroom 18A (Cleveland), solely to determine whether Petitioner requested that Attorney Campbell file an appeal. The Court **DENIES** Petitioner's claim that he received ineffective assistance of counsel during his sentencing.  The Court makes no ruling on the remaining two assignments of error at this time. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[80]

    IT IS SO ORDERED.


Dated: November 19, 2013          *s/         James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[80] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).