UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 5:12-CR-00106 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ORDER |
| | : | [Resolving Doc. 99] |
| JONAH M. WOOLEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jonah Wooley has filed a motion to reduce his sentence pursuant to Proposed Amendment 782 to the Sentencing Guidelines.[1] The government opposes.[2] For the following reasons, this Court **DENIES** the Defendant's motion.

On September 19, 2012, Jonah Wooley pled guilty to conspiracy to distribute cocaine base in violation of 18 U.S.C. § 846.[3] On October 18, 2012, the Court sentenced him to 78 months imprisonment.[4]

In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[5] One limited exception comes from 18 U.S.C. § 3582(c)(2), which permits sentence reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] Doc. 99.
[2] Doc. 100.
[3] Doc. 58.
[4] Doc. 64.
[5] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

Case No. 5:12-CR-00106
Gwin, J.

Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."[6]

The § 3582(c)(2) exception applies only where an amendment approved by the Sentencing Commission has gone into effect.[7] Such an amendment cannot go into effect until (1) the Sentencing Commission promulgates it and submits it to Congress and (2) Congress does not disapprove it within 180 days.[8] Moreover, to qualify for § 3582(c)(2) purposes, the Commission must give the amendment retroactive effect.[9]

Here, Defendant Jonah Wooley relies on Amendment 782, that the Sentencing Commission promulgated and submitted to Congress on April 30, 2014.[10] It is true that on July 18, 2014, the Commission declared that this amendment would apply retroactively to past sentences, albeit with some limitations.[11] But the Amendment cannot go into effect until 180 days have passed from its promulgation without Congressional disapproval. Thus, motions to reduce sentence based on this amendment are premature if filed before November 1, 2014.

Accordingly, the Court **DENIES** Defendant Jonah Wooley's motion to reduce his sentence.

IT IS SO ORDERED

Dated: September 9, 2014  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] 18 U.S.C. § 3582(c)(2).
[7] *Id.*
[8] 28 U.S.C. § 994(o)-(p).
[9] *Dillon*, 560 U.S. at 826; *see* 28 U.S.C. § 994(u) (granting the Sentencing Commission authority to determine amendments' retroactive effect).
[10] Sentencing Guidelines for United States Courts, 79 Fed. Reg. 25996-02 (May 6, 2014) (noting that the proposed amendments were submitted to Congress on April 30, 2014).
[11] *See* Sentencing Guidelines for the United States Courts, 79 Fed. Reg. 44973-01 (Aug. 1, 2014) (giving notice of the retroactivity decision).