```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA        :      CASE NO. 5:12-CR-00106
                                                :
        Plaintiff,                          :
                                                :
  v.                                         :      OPINION AND ORDER
                                                :      [Resolving Doc. 103]
JONAH WOOLEY,                      :
                                                :
        Defendant.                       :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jonah Wooley is currently serving a 78 month sentence for conspiracy to distribute cocaine base.[1] Wooley has moved to reduce his term of imprisonment pursuant to Amendment 782 to the Sentencing Guidelines.[2] For the following reasons, this Court **DENIES** Defendant's motion.

## I. Background

At sentencing on October 18, 2012, the Court found that Wooley's adjusted offense level was 17 and that his criminal history category was VI.[3] This yielded a Guidelines range of between 51 and 63 months.[4] The Court accepted a Rule 11(c)(1)(C) plea agreement that recommended a term of imprisonment of between 70 and 87 months.[5] The Court imposed a term of imprisonment of 78 months.[6]

---

[1] Doc. 75.
[2] Doc. 103. The government opposes. Doc. 104.
[3] Doc. 75 at 9.
[4] *Id.* at 4.
[5] *Id.*
[6] *Id.* at 12.

Case No. 5:12-CR-00106
Gwin, J.

## II. Standards

In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[7] The Court does, however, have some authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[8] Accordingly, a court may reduce a previously imposed sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "the reduction is consistent with applicable policy statements issued by the Sentencing Commission."

## III. Analysis

For Wooley to be eligible for a reduction in his term of imprisonment under Amendment 782, his sentence must have based on a Guidelines range. The Supreme Court's decision in *Freeman v. United States*[9] sets out the standards for when a sentence imposed pursuant to a Rule 11(c)(1)(C) is "based on" a Guidelines sentencing range. "Justice Sotomayor's opinion is the narrowest ground for the Court's decision and thus represents the Court's holding in *Freeman*."[10] A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement typically is based on the plea agreement, not on the applicable Guidelines range.[11] But in a case where the plea agreement makes clear that the plea agreement's recommended sentence is based on the Guidelines range, the sentence may also be

---

[7] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).
[8] 18 U.S.C. § 3582(c)(2).
[9] 131 S. Ct. 2685 (2011).
[10] *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011).
[11] *Freeman*, 131 S. Ct. at 2695-2700 (Sotomayor, J., concurring).

Case No. 5:12-CR-00106
Gwin, J.

based on the Guidelines range.[12]

In this case, the record is clear that neither the plea agreement's recommendation nor the sentence the Court imposed was "based on" the Guidelines. Both of the parties and the Court acknowledged that the plea agreement's recommendation was above the applicable Guidelines range.[13] Far from providing evidence that the plea agreement's recommendation or the Court's sentence were "based on" the Guidelines range, the record demonstrates the opposite.

Defendant Wooley is therefore not eligible to have his term of imprisonment reduced under Amendment 782.

### IV. Conclusion

For the reasons above, the Court **DENIES** Defendant Wooley's motion.

IT IS SO ORDERED

Dated: April 3, 2015             s/ *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[12] *Id.*
[13] Doc. 75 at 4, 7-9.