```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :         CASE NO. 5:12-CR-00106
                                            :
          Plaintiff,                        :
                                            :
      vs.                                   :         OPINION & ORDER
                                            :         [Resolving Doc. 115]
JONAH WOOLEY,                               :
                                            :
          Defendant.                        :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jonah Wooley is currently serving a 78 month sentence for conspiracy to distribute cocaine base.[1] Wooley has moved for reconsideration on the denial to reduce his term of imprisonment pursuant to Amendment 782 to the Sentencing Guidelines.[2] For the following reasons, this Court **DENIES** Defendant's motion.

## I. Background

At this cases' October 18, 2012 sentencing hearing, the Court found that Wooley's adjusted offense level was 17 and that his criminal history category was VI.[3] This yielded a Guidelines range of between 51 and 63 months.[4] The Court accepted a Rule 11(c)(1)(C) plea agreement that recommended a term of imprisonment of between 70 and 87 months.[5] The Court imposed a term of imprisonment of 78 months.[6]

On February 6, 2015, Defendant filed a motion for sentence reduction under 18 U.S.C. §3582(c)(2).[7] On April 3, 2015 this Court denied Defendant's motion because his sentence had

---

[1] Doc. 75.
[2] Doc. 115.
[3] Doc. 75 at 9.
[4] *Id*. at 4.
[5] *Id*.
[6] *Id*. at 12.
[7] Doc. 103.

Case No. 5:12-CR-00106
Gwin, J.

not been "based on" the Guidelines, and therefore did not warrant reduction.[8] On August 10, 2015, Defendant filed a motion for extension of time to appeal under 18 U.S.C. § 3582(c)(2).[9] On August 17, 2015, this Court granted Defendant's extension motion.[10] The same day the Government filed a motion for reconsideration of the extension.[11] On August 24, 2015, this Court granted the Government's request for reconsideration and denied Defendant's extension motion.[12]

On September 30, 2015, the Sixth Circuit Court of Appeals dismissed Defendant's appeal as time-barred.[13] On June 20, 2016, Defendant filed this petition for reconsideration of this Court's April 3, 2015, § 3582 motion denial.[14]

## II. Standards

Motions to reconsider in criminal cases are based on common law practice. A motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time granted for appeal.[15] The time granted for appealing an order denying a motion to reconsider in a criminal case is fourteen days from the entry of that order.[16] Defendants who are able to show good cause or excusable neglect may be granted a thirty-day extension.[17]

In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[18] The Court does, however, have some authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. "[I]n the case of a defendant who has

---

[8] Doc. 105.
[9] Doc. 106.
[10] Doc. 107.
[11] Doc. 108.
[12] Doc. 109.
[13] Doc. 114.
[14] Doc. 115.
[15] *See* United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011); United States v. Jones, 916 F. Supp. 2d 83, 85 (D.D.C. 2013); *see also* United States v. Redd, 630 F.3d 649, 650 (7th Cir. 2011)("Only a motion filed within the time for appeal acts as a genuine request for reconsideration").
[16] Fed. R. App. P. 4(b)(1)(A); United States v. Brown, 817 F.3d 486, 489 (6th Cir. 2016).
[17] Fed. R. App. P. 4(b)(4).
[18] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

Case No. 5:12-CR-00106
Gwin, J.

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[19] Accordingly, a court may reduce a previously imposed sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "the reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20]

### III. Analysis

First, Defendant's motion for reconsideration on the § 3582 motion denial is denied because it is untimely. Defendant's motion for reconsideration is bound by the fourteen-day time limit running from the entry of the original judgment. Defendant's initial motion was denied on February 6, 2015 and Defendant filed for reconsideration on June 20, 2016. This period of five-hundred days exceeds both the fourteen-day period and the thirty-day extension.[21]

Second, even if this Court overlooked the untimeliness of Defendant's motion, the motion for reconsideration fails on its merits. For Wooley to be eligible for a reduction in his term of imprisonment under Amendment 782, his sentence must have been based on a Guidelines range.

The Supreme Court's decision in *Freeman v. United States*[22] sets out the standards for when a sentence imposed pursuant to a Rule 11(c)(1)(C) is "based on" a Guidelines sentencing range. "Justice Sotomayor's opinion is the narrowest ground for the Court's decision and thus

---

[19] 18 U.S.C. § 3582(c)(2).
[20] 18 U.S.C. § 3582.
[21] Even if this Court tolled time while on appeal to the Sixth Circuit, Defendant still exceeds all applicable time limits due to his two-hundred and sixty-four day delay between his September 30, 2015 Sixth Circuit denial and June 20, 2016 motion for reconsideration.
[22] 131 S. Ct. 2685 (2011).

-3-

Case No. 5:12-CR-00106
Gwin, J.

represents the Court's holding in *Freeman*."[23] A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement typically is based on the plea agreement, not on the applicable Guidelines range.[24] But in a case where the plea agreement makes clear that the plea agreement's recommended sentence is based on the Guidelines range, the sentence may also be based on the Guidelines range.[25]

In this case, the record is clear that neither the plea agreement's recommendation nor the sentence the Court imposed was "based on" the Guidelines. Both of the parties and the Court acknowledged that the plea agreement's recommendation was above the applicable Guidelines range.[26] Far from providing evidence that the plea agreement's recommendation or the Court's sentence were "based on" the Guidelines range, the record demonstrates the opposite. Defendant Wooley is therefore not eligible to have his term of imprisonment reduced under Amendment 782.

### IV. Conclusion

For the reasons above, the Court **DENIES** Defendant Wooley's motion.

IT IS SO ORDERED.

Dated: July 22, 2015              *s/         James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[23] *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011).
[24] *Freeman*, 131 S. Ct. at 2695-2700 (Sotomayor, J., concurring).
[25] *Id.*
[26] Doc. 75 at 4, 7-9.

-4-